ANTHONY L. HALL, ESQ.
Nevada Bar No. 5977
AHall@SHJNevada.com
RICARDO N. CORDOVA, ESQ.
Nevada Bar No. 11942
RCordova@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada  89509
Telephone: (775) 785-0088
*Attorneys for Plaintiff Jaime Martorell*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| JAIME MARTORELL, an individual,<br><br>Plaintiff<br><br>v.<br><br>DEBASHIS BAGCHI, an individual, and JON BENGSTON, an individual,<br><br>Defendants. | CASE NO.:  ___<br><br>**COMPLAINT** |

Plaintiff Jaime Martorell ("Plaintiff" or "Martorell"), by and through his counsel of record, Simons Hall Johnston PC, for his Complaint against Defendant Debashis Bagchi ("Bagchi") and Defendant Jon Bengston ("Bengston") (collectively, when possible, "the Defendants"), hereby alleges as follows:

**PARTIES**

1. Martorell is an individual and is a resident of Washoe County, Nevada.

2. Bagchi is an individual and is a resident of Washoe County, Nevada.

3. Bengston is an individual and is a resident of Washoe County, Nevada.

4. During the relevant periods discussed herein, Bagchi and Bengton were employers and/or co-employers of Martorell for purposes of the Fair Labor Standards Act, 29 U.S.C. § 201 et

seq. (the "FLSA"), and are individually liable for the minimum wage and overtime compensation violations discussed herein.

## JURISDICTION AND VENUE

5. Because this case arises under the FLSA, this Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331, which gives the district courts of the United States jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

6. This judicial district's unofficial northern division is the appropriate venue for this action pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because the actions complained of took place in this judicial district, the records and other evidence relevant to this matter are in this district, and the Defendants regularly conduct their affairs in this district.

## FACTUAL ALLEGATIONS

7. Martorell has over 40 years of experience as a top-level executive for prominent technology companies both in the United States and Europe. The Defendants recruited Martorell out of the San Francisco Bay Area to help build a start-up company, which is a supplier of mobile wireless networking products enabling cloud access. During the relevant periods discussed herein, Bagchi acted as its CEO, and Bengston acted as its CFO.

8. Based upon Martorell's seniority, executive experience, and abilities, he was an ideal candidate to make the company successful. Accordingly, beginning in June of 2016, Martorell relocated from the Bay Area, purchased a home in Reno, and began working as the Vice President of Marketing for the company. In exchange for his services, Martorell was to be paid a semi-monthly salary of $7,291.67 (for an annual rate of $175,000).

9. After the end of June 2016, however, Martorell was not paid for his work. Although Bagchi cited an alleged lack of company funds, Martorell has discovered that the company was receiving significant funds, including in the form of substantial loans. In fact, Martorell has learned that the company has received at least $2.4 million dollars in funds over the last three years. Further, Martorell has discovered that Bagchi was secretly making payroll "advances" to himself and three other executives, contrary to his claims about an alleged lack of funds, and concealing those payments from Martorell.

10. Relying on the Defendants' repeated assurances that he would be paid, Martorell continued to work to build the company. In fact, Martorell worked a substantial amount of overtime without pay (on average, approximately 60 hours per week) during much of his employment, as he sought to raise more funding based, in part, on the agreements and expectations signed and promised by its main customer. Thus, Martorell worked not only a significant number of hours at the office, but also worked extensive hours at home and over the weekend.

11. Upon information and belief, examples of specific weeks in which Martorell worked more than 40 hours without overtime compensation include, without limitation, August 29, 2016 – September 2, 2016; September 5, 2016 – September 9, 2016; October 15, 2016 – October 20, 2016; January 30 – February 3, 2017, February 27, 2017 – March 3, 2017; and April 23, 2017 – April 27, 2017.

12. Although Martorell was understandably frustrated by not being paid, he believed that the company offered innovative products and services and that, one day, it would be profitable. Thus, Martorell continued working as Vice President of Marketing for the company. In exchange, Martorell was to be paid an annual base salary of $175,000 per year. In addition, Martorell was to be paid non-discretionary bonuses of $125,000 semi-annually.

13. Unfortunately, Martorell was never paid any of the amounts to which he is owed. Instead, Bagchi and Bengston extracted Martorell's labor with repeated assurances of full payment and by taking advantage of his sense of loyalty.

14. To make matters worse, Bagchi and Bengston continued to pay themselves and others significant amounts. In addition, they continued to pay for exorbitant expenses (including a $10,000 per month office lease—for a space that was mostly empty, with only two offices occupied) while making no payments to Martorell.

15. Throughout Martorell's employment, Bagchi and Bengtson exercised control over the nature and structure of the employment relationship with him, along with significant economic control over the relationship. Indeed, it was Bagchi and Bengston who repeatedly decided not to pay Martorell, in willful violation of the FLSA.

16. Bagchi and Bengston were intimately involved in the day-to-day decisions regarding

Martorell and had the authority to sign paychecks and make payroll and other decisions regarding him, including suffering and permitting him to work without pay. In addition, Bagchi and Bengston were responsible for the conditions of employment, rate of pay and method of payment (or lack thereof), misclassification, schedule, and working hours of Martorell.

17. Moreover, at all relevant times, the wage and hour and related employee compensation policies and practices pertaining to Martorell were dictated, controlled by, and ratified by Bagchi and Bengston. Further, Bagchi and Bengston were responsible for maintaining employment records, including wage and hour records, regarding Martorell.

18. As such, Bagchi and Bengston were employers and/or co-employers of Martorell for purposes of the FLSA, and are subject to individual liability thereunder.

19. Through the end of Martorell's employment, Bagchi and Bengtson continued paying funds, at their discretion, to themselves and others, without paying Martorell anything, let alone the minimum wages and overtime compensation mandated under the FLSA. In light of the foregoing, Martorell was constructively discharged in January 2019.

## FIRST CAUSE OF ACTION

### Failure to Pay Minimum Wage in Violation of 29 U.S.C. § 206

20. Martorell repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

21. Bagchi and Bengston were employers and/or co-employers of Martorell for purposes of the FLSA. *See* 29 U.S.C. § 203(d); 29 C.F.R. § 791.2(b)(2).

22. The FLSA requires all employers to pay their employees no less than $7.25 per hour for each hour worked.

23. Bagchi and Bengston failed to pay Martorell the minimum wages required under the FLSA. *See* 29 U.S.C. § 206.

24. Bagchi and Bengston's violations of the FLSA's minimum wage provisions were willful.

25. Upon information and belief, Bagchi and Bengston owe Martorell an amount not less than $135,720 in minimum wages and liquidated damages.

26. Bagchi and Bengston are individually liable to Martorell for the full amount of minimum wages owed to Martorell, together with all other appropriate relief, including costs, attorney's fees, interest, and liquidated damages. *See* 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### Failure to Pay Overtime in Violation of 29 U.S.C. § 207

27. Martorell repeats and realleges the allegations contained in the preceding paragraphs as though fully set forth herein.

28. Bagchi and Bengston were employers and/or co-employers of Martorell for purposes of the FLSA. *See* 29 U.S.C. § 203(d).

29. The FLSA requires that all non-exempt employees be paid at a rate of not less than 1.5 times their regular rate, including non-discretionary bonuses, for all hours they work in excess of 40 hours in a work week. *See* 29 U.S.C. § 207.

30. Martorell was a non-exempt employee because, among other things, he was not paid the amounts necessary to satisfy the salary basis requirements of any otherwise applicable exemption.

31. Bagchi and Bengston failed to pay Martorell the overtime compensation required under the FLSA. *See* 29 U.S.C. § 207.

32. Bagchi and Bengston's violations of the FLSA's overtime compensation provisions were willful.

33. Upon information and belief, Bagchi and Bengston owe Martorell an amount not less than $954,000 in unpaid overtime compensation and liquidated damages.

34. Bagchi and Bengston are individually liable to Martorell for the full amount of overtime compensation owed to Martorell, together with all other appropriate relief, including costs, attorney's fees, interest, and liquidated damages. *See* 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

WHEREFORE, Martorell prays for relief as follows:

1. For judgment against the Defendants according to proof presented at trial or other proceedings in this action;

2. For compensatory damages in an amount to be proven at trial or other proceedings in

this action;

3. For statutory and liquidated damages and relief pursuant to the FLSA any other applicable statute or rule;

4. For attorneys' fees and the costs of suit incurred herein, as recoverable under the FLSA other applicable statute, or rule, because the Martorell has been forced to retain legal counsel as a result of the Defendants' conduct, and will continue to incur substantial attorney's fees in connection with this matter;

5. For prejudgment interest in all amounts claimed; and

6. For such other and further relief as the Court deems just and proper.

DATED this 22nd day of August, 2019.

By: /s/ Anthony L. Hall, Esq.
Anthony L. Hall, Esq.
Nevada Bar No. 5977
AHall@SHJNevada.com
RICARDO N. CORDOVA, Esq.
Nevada Bar No. 11942
RCordova@SHJNevada.com
SIMONS HALL JOHNSTON PC
6490 S. McCarran Blvd., Ste. F-46
Reno, Nevada 89509
Telephone: (775) 785-0088
*Attorneys for Plaintiff Jaime Martorell*