# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| JAIME MARTORELL, | 3:19-cv-00523-LRH-CLB |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| *DEBASHIS BAGCHI, et. al.* | |
| Defendant. | |

Defendants Debashis Bagchi and Jon Bengtson (Defendants) seek an extension of time of the deadlines set in the court's October 28, 2020 Scheduling Order and Discovery Plan. (ECF No. 11). Starting in late-January 2020 and continuing through February 2020, Plaintiff and Defendants attempted to negotiate a stipulation to extend these deadlines; however, the parties ultimately could not agree on the date for filing dispositive motions. As a result, Defendants filed the instant motion. (ECF No. 38). Defendants' Motion proposes the following changes to the previous deadlines:

| Event | Old Due Date | New Due Date |
|---|---|---|
| Discovery Cut-Off | March 23, 2020 | July 31, 2020 |
| Expert Witness Disclosure | January 27, 2020 | June 1, 2020 |
| Rebuttal expert witness disclosure | February 24, 2020 | July 1, 2020 |
| Dispositive motion deadline | May 7, 2020 | December 10, 2020 |
| Pretrial Order | June 8, 2020 | January 11, 2021 |

(ECF No. 15; ECF No. 38). Plaintiff opposes the motion, in part, (ECF No. 41), and Defendants replied. (ECF No. 43). Having reviewed the filings, the court grants Defendants' motion to extend the scheduled deadlines. (ECF No. 38).

///

I.  **LEGAL STANDARDS**

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294-95 (9th Cir. 2000).

Local Rule 26-4 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than twenty-one (21) days before the expiration of the subject deadline." *See* LR 26-4; *see also* Local Rule IA 6-1.2 The "good cause" standard primarily considers the diligence of the party or parties seeking the extension. *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). The Court has broad discretion in supervising the pretrial phase of litigation. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Finally, Local Rule 26-4 states if a request to extend a deadline occurs "after the expiration of the subject deadline," the request will not be granted "unless the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-4.

II. **DISCUSSION**

  A.  **Extension of Discovery Cut-off Date**

The current discovery cut-off deadline expired on March 23, 2020. (ECF No. 15 at 2). In conformance with LR 26-4, Defendants timely moved to extend this deadline to July 31, 2020. (ECF No. 38). Defendants assert, and Plaintiff appears to agree, that this litigation is one of three ongoing disputes between the parties, which are each proceeding in different forums. Therefore, the parties indicate that an extension of the discovery cut-off date will allow them to conduct discovery in all three actions at the same time and end at the same time -- saving money, time and resources. The court agrees and finds that good cause exists to extend the discovery cut-off date from March 23, 2020 to July 31, 2020.

## B. Extension of Expert Disclosure Deadlines

Under the current Scheduling Order and Discovery Plan, the parties were required to disclose expert witnesses on or before January 27, 2020, and to disclose rebuttal experts on or before February 24, 2020. (ECF No. 15). These deadlines passed prior to the filing of Defendants' Motion. (ECF 38). However, in the motion, Defendants request the deadlines be extended to June 1, 2020 and July 1, 2020, respectively. (ECF No. 38 at 4). As the request was made after these deadlines expired, the court may only grant the request if Defendants establish "excusable neglect" for the failure to make the request prior to the expiration of the deadlines. LR 26-4.

Plaintiff opposes the requested extensions. Plaintiff's 14-page opposition spends over 6 full pages arguing that the court should reject Defendants' attempt to extend the expert disclosure deadlines. (ECF No. 41 at 5-10). First, Plaintiff argues that, "[t]he Parties did not . . . discuss or agree to extend the expert disclosure deadline" in their previous negotiations to extend the discovery deadlines. (*Id.* at 2). Rather, Plaintiffs claims Defendants failed to meet the deadline, which expired on January 27, 2020, and are now attempting to revive their right to utilize expert witnesses, with the present motion. (*See Id.* at 5-10). Finally, Plaintiff argues Defendants failed not establish "excusable neglect" for not seeking to continue these deadlines prior to the expiration dates. (*Id.*)

To support these arguments, Plaintiff attached several emails containing the parties' communications related to the extension of the discovery deadlines. These emails do not appear to reference any express discussion related to expert disclosure deadlines. (See ECF Nos. 41-1; 41-2; 41-3;41-4). However, the email exhibits reference various "attachments" that appear to have been sent with these emails, which were *not* included with the exhibits submitted by Plaintiff. For these reasons, Plaintiff argues the requested extension of time is improper and unreasonable and should be rejected.

In reply, Defendants assert Plaintiff's Opposition raises an objection to the extension of expert disclosure deadlines for the first time. (ECF No. 43). According to Defendants, the extension of the expert deadlines *was* a part of the prior negotiations and

this is the first time Defendants were made aware Plaintiff objected to the extension of these deadlines. To support their argument, Defendants also provide the emails between the parties. (*See* ECF 43, Exs. 1-4). However, Defendants' exhibits also include the *attachments* that were curiously absent from Plaintiff's exhibits. The attachments are copies of draft stipulations exchanged between the parties related to extending the discovery deadlines. (*See* ECF No. 43 at 16-17; 22-23). Each draft contains an <u>*express provision*</u> for the extension of expert disclosure deadlines. (*Id.* at 17, 23). Although there are edits and interlineations on other provisions in these drafts that appear to have been made by Plaintiff's counsel only one line below these provisions, there are *no* edits, objections, or comments made with respect to the provisions extending the expert disclosure deadlines. (*Id.*) While it may be technically true the parties did not directly discuss the extension of these deadlines, it is also true that there were provisions for the extension of these deadlines in the draft stipulations being negotiated by the parties that Plaintiff *never* commented on or objected to. Thus, it is clear from the draft stipulations the parties contemplated the extension of the expert disclosure deadlines throughout their negotiations. As such, Plaintiff's assertion that these deadlines were never discussed is disingenuous and misleading.

Moreover, it is important to note that the negotiations related to the extension of all discovery deadlines – including the expert deadlines - began prior to the expiration of the deadline for disclosure of experts and continued through late-February 2020. (See ECF No. 43 at 11; 33). Given that the parties were working together to reach a stipulation for the extension of these deadlines – including the expert disclosure deadlines – it is entirely reasonable that Defendants did not file a motion to extend these deadlines prior to the expiration of the deadline. Defendants had every reason to believe Plaintiff did not *oppose* an extension of these deadlines given that: (1) the draft stipulations each contained a provision to extend the expert disclosure deadlines; and, (2) Plaintiff did not object, edit, and make any modifications to the provision in any of the circulated drafts – although he did make edits and revisions to the provision only one line below the expert deadline

provision. (*Id.*) Thus, contrary to Plaintiff's assertions, any failure to move to extend these deadlines prior to their expiration is based on the "excusable neglect" that arose from the mistaken belief the parties were negotiating an extension these deadlines, in good faith, and Plaintiff did not object to the requested extension. Taking all of these facts and circumstances into account, the court finds any failure by Defendants to move to extend these deadlines prior to their expiration was based on "excusable neglect." Therefore, the court finds that finds the expert disclosure deadlines should be extended as requested.[1]

### C. Extension of Dispositive Motion Deadlines

Finally, Defendants request that the deadline to file dispositive motions be extended from May 7, 2020 to December 10, 2020 – 100 days after the close of discovery. This exceeds the normal timeframe for filing dispositive motions by 70 days. Plaintiff opposes the request claiming Defendants' reasons for the lengthy extension do not come "remotely close to establishing good cause." (ECF No. 41 at 11). Defendants, by contrast, assert the lengthy extension is needed to accommodate the actions set to take place in other two related matters and defense counsels' busy trial and litigation schedules following the proposed discovery cut-off date in this case. Defendants assert more time will be needed to file dispositive motions in this matter for a variety of justifiable and appropriate reasons.

---

[1] The court is troubled by the arguments in opposition used by Plaintiff's counsel related to this issue. At no point in the opposition did Plaintiff's counsel acknowledge or state that the draft stipulations between the parties expressly included provisions to extend the expert disclosure deadlines. Rather, the opposition appears to have intentionally insinuated the opposite. Worse still, the draft stipulations, which were attachments to the emails Plaintiff provided as exhibits to the court, were omitted from the filed exhibits. These documents plainly reveal that the extension of these deadlines had been contemplated by the parties.

At best, these actions can be attributed to a simple error or oversight by Plaintiff's counsel. At worst, however, these actions can be construed as a deliberate attempt to mislead the court and to obtain a tactical advantage over opposing counsel by preventing them from utilizing an expert witness by opposing the extension of these deadlines after appearing to have no objection to extend the expert disclosure deadlines during the parties' negotiations – leading Defendants to believe it was not necessary for them to bring this issue the court's attention prior to the expiration of the deadline. If the latter is true, this comes dangerously close to what could be construed as a violation of the duties of candor to the court and fairness to opposing counsel. *See* Nev. R. Prof. Cond. 3.3; 3.4. The court will give Plaintiff's counsel the benefit of the doubt in this instance that these actions were simply taken in error, were not intended to mislead, and were not attempts at improper gamesmanship in the interactions with opposing counsel. However, the court cautions Plaintiff and his counsel that such conduct is not acceptable and will not be tolerated in the future.

Therefore, the court finds good cause to extend the deadline for filing dispositive motions from May 7, 2020 to December 10, 2020.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' Motion to Extend Scheduled Deadlines (ECF No. 38) is **GRANTED**;

**IT IS FURTHER ORDERED** that the new discovery deadlines in this case shall be as follows:

| Event | Due Date |
| --- | --- |
| Discovery Cut-Off | July 31, 2020 |
| Expert Witness Disclosure | June 1, 2020 |
| Rebuttal expert witness disclosure | July 1, 2020 |
| Dispositive motion deadline | December 10, 2020 |
| Pretrial Order | January 11, 2021, or 60 days following the filing of the district court's order on dispositive motions. |

**DATED**: April 6, 2020.

_____
**UNITED STATES MAGISTRATE JUDGE**